The PRESIDENT
delivered the opinion of the Court.
It is important that the Court should settle a question so interesting to the community as the following : whether a scroll used as a seal, constituted a good bond before the act of 1788, or whether to make it a seal, wax or something capable of impression, and impressed, was necessary. Acts of Parliament in England, and acts of Assembly in this country, frequently speak of seals ; but none of them define what shall constitute a seal. Nor is there an adjudged case recollected, which determines that a seal must be necessarily something impressed on wax. To consider it upon the reason of the thing ; a seal is required to give solemnity to the act ; and I cannot perceive a difference, in point of solemnity, between the act of impressing wax and that of making a scroll.
Public corporate bodies have a known and fixed seal: and it is necessary that their acts should be under that common seal. In that instance an impression may be necessary, to shew that the act has been done in their corporate capacity.
But what is the private seal of an individual ? Does an impression furnish any criterion by which to decide whether it *be his seal or not ? it is true that some few gentlemen have seals which impress their family coats of arms ; some have such as impress the initials of their names : but these are rare indeed when compared with the great body of the community who have no seals, and who use such as are placed on the writing for them, and make them their own by acknowledging them to be such. In truth and reality then, it is unimportant whether this adoption be of wax or a scroll. Eord Coke in his 2d institute, in a commentary upon a statute which speaks of a seal, says “ a seal is wax with an impression.” But there is neither an act of Parliament nor an adjudged case to bind the Court. It was his opinion only, founded probably on the practice of that day, and if that gives a binding rule, we may by going further back, discover a period of time, when the impression was made with the eye tooth. There was some utility in that custom, since the tooth impressed was the man’s own, and furnished a test in case of forgery. But both are founded on the usage of the times. Scrolls have been long substituted lor seals in this country. The party acknowledges the scroll to be his seal, and as such this court will consider it. If there had been a positive law to bind the court, we must have obeyed it, however inconvenient ; but since none is shewn or recollected, we will not make a precedent, which would not only let loose great numbers of individuals from their engagements, but all or most of the executors, administrators, guardians and perhaps public collectors, from the force of their bonds : a decision which *378 would dishonor government; relax public and private security, and convulse the state.
The late act, if it operates, is conclusive ; if it does not, it is at least a legislative construction of the law in general ; agreeable to, and adding strength to, that of the court.
On this point there is no error.
As to the other point, tho’ notice of a set-off is given in England, it is not usually practised here: both parties seemed to have been prepared, the plaintiff to prove the execution of the bond first payable, and the defendant, his payments : as to the dispute which of those bonds the receipts ought to be applied to, the jury have decided it, and the court think properly.
Judgment affirmed.